**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Nathaniel Mahoney,

Plaintiff,

v.

Ocean Lawsuits Inc., et al,

Defendants.

Case No. 2:26-cv-01957-JAD-BNW

**ORDER**

Before this Court is Plaintiff's application to proceed *in forma pauperis*. ECF No. 9. The application is incomplete. As a result, this Court will deny it without prejudice. Plaintiff must file a new application or pay the requisite filing fee by October 23, 2026.

In addition, the complaint does not state a claim upon which relief can be granted. As a result, Plaintiff's complaint will be dismissed without prejudice and he will be allowed to file an amended complaint no later than October 23, 2026.

## I. *In forma pauperis* request

A plaintiff can commence an action without paying the filing fees if she submits an affidavit stating that she lacks sufficient funds. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An application is sufficient if it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). If an application is incomplete, then the Court may lack sufficient information to make this determination and the application can be denied. *Patton v. England*, No. CIV S-07-0286 FCD GGH PS, 2007 WL 708885, at *1 (E.D. Cal. Mar. 6, 2007).

Plaintiff's application is defective in that it does not fully answer the questions asked. For example, Plaintiff does not state what his salary is (question No. 2) or the amount of cash in any checking or savings account (question No. 3). In addition, Plaintiff declares he owns a U.S.

Savings Bond for $100,000. In light of that fact, it is not clear why he believes he would qualify to proceed in forma pauperis. As such, this Court lacks sufficient information at this juncture to determine whether plaintiff can pay court costs and still afford the necessities of life. Plaintiff may re-file his application, but he must ensure that he fully and completely answers each question, including its subparts. He must also provide additional details regarding his bond.

**II. Screening**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint is mostly illegible. And, where legible, hard to understand. Plaintiff does not organize his complaint by counts and it is impossible to ascertain what is the underlying dispute or the defendant(s) responsible for the allegations. This Court therefore will dismiss Plaintiff's complaint without prejudice to allow Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give Defendants fair notice of his claims against them.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 9) is **DENIED** without prejudice. By October 23, 2026, Plaintiff must either (1) file a new application to proceed in forma pauperis or (2) pay the requisite filing fee for filing a civil action.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send Plaintiff a copy of form AO 240 (IFP Application to Proceed Without Prepayment of Fees).

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach the complaint filed at ECF No. 1-1 and file it separately on the docket.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1-1) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, with leave to

amend. If Plaintiff chooses to file an amended complaint, he must file the amended complaint no later than October 23, 2026.

**IT IS FURTHER ORDERED** that failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* at ECF No. 12 is DENIED as moot.

DATED: September 23, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE